Argued July 12, decided July 19, rehearing denied October 11, 1910.

## MILLER v. BROWN & McCABE.

[109 Pac. 753.]

MASTER AND SERVANT — INJURY TO SERVANT — CONTRIBUTORY NEGLIGENCE.

An employee loading lumber on a vessel was injured by lumber falling because of a defect in the winch. To do his work he was compelled to stand near the suspended timbers and while the winch was lowering the same down. When the winchman was about to lower the timber he called to the men to stand back, and they all did so. At the time of the accident the employee was about eight feet from a perpendicular line from the suspended timber. *Held,* that plaintiff was, as a matter of law, free from contributory negligence, as he had a right to anticipate that the winch would perform its functions.

From Multnomah: JOHN B. CLELAND, Judge.

This is an action by Frank Miller against Brown & McCabe, a corporation. From a judgment in favor of plaintiff, defendant appeals.        AFFIRMED.

For appellant there was a brief over the names of *Messrs. Wilbur & Spencer,* with an oral argument by *Mr. Ralph W. Wilbur.*

For respondent there was a brief over the names of *Messrs. Giltner & Sewall,* with an oral argument by *Mr. R. R. Giltner.*

MR. JUSTICE McBRIDE delivered the opinion of the court.

This is an action to recover for personal injuries sustained by plaintiff while engaged in loading lumber for defendant on board a steamer lying at the docks in Portland.

The defendant seasonably requested the court to give certain instructions in regard to contributory negligence which it refused, but instructed on that subject on its own motion. The instructions requested correctly stated the law and defendant contends that those actually given were not sufficiently definite to properly present such defense to the jury. Conceding, without deciding, that

defendant's contention is correct, it is sufficient to say that upon a careful examination of the testimony we find no evidence tending to show contributory negligence on the part of plaintiff.  The evidence briefly stated, shows that defendant was engaged in loading large pieces of timber aboard a steamer, by means of winches attached to the deck, and tackle attached to the yards of the vessel.  The timber, which was the immediate instrument of the injury, was suspended in the air from ten to fifteen feet at one end, and two or three feet at the other. One winch with its tackle was used to raise and lower the timber, and the other to steady it.  The duty of the defendant was to unhook the chain, which was attached to the timber, when it had been lowered to the deck, to fasten it to the other end, and to place a "dolly" or roller underneath the timber to prevent it from lying flat on the deck.  In order to do this, he would, necessarily, be compelled to stand close to it while it was still suspended and while the winch was easing it down.  When the winchman was about to "ease down" or lower the timber, he called to the men to stand back, and they all did so, including plaintiff, who stepped back about three feet. The evidence does not show at what distance from a perpendicular line from the timber to the deck plaintiff stood at the time the order was given, but it does appear that when the timber struck plaintiff, he was about eight feet from a perpendicular line drawn from the suspended timber to the deck, and it is, therefore, fair to assume that he was from four to five feet away when the order was given.  While plaintiff was in this position the winchman attempted to lower the timber, and, in consequence of a defect in the winch, it fell, struck another large timber lying across the deck, and injured plaintiff, either by sliding or swinging against him.

In all this testimony we find no evidence of contributory negligence.  The plaintiff was where the nature of

his employment required him to be, and he appears to have obeyed promptly the orders given him. He was not required to anticipate that the winch would fail to perform its function, and it is evident that if it had been in proper condition no accident would have occurred. Under these circumstances the court might well have refused to give any instructions on the subject of contributory negligence.

The judgment is affirmed.                         AFFIRMED.